

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 15, 2018

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

     Re:    <u>United States</u> v. <u>James Gatto et al.</u>, (S2) 17 Cr. 686 (LAK)

Dear Judge Kaplan:

     The Government writes in response to the defendants' request for leave to file an *ex parte* motion under seal for issuance of a Rule 17(c) subpoena to an anticipated Government witness, Thomas "TJ" Gassnola. [Dkt. 192]. The defendants contend they should be permitted to proceed in such fashion because their application, if publicly filed, might "prematurely reveal Defendants' trial strategies" in some unspecified manner. (Def. Mem. of Law at 2.)

     In support of the motion, the defendants cite a limited number of cases in which courts, on somewhat different facts, have permitted a party to seek a Rule 17(c) subpoena on an *ex parte* basis. *See, e.g.*, *United States v. Wey*, 252 F. Supp. 3d 273, 243-44 (S.D.N.Y. 2017) (permitting defendants to file *ex parte* application for Rule 17 subpoena to non-party NASDAQ); *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995) (permitting Government to file *ex parte* an application for a Rule 17 subpoena for documents in advance of narcotics/murder trial). However, numerous courts have reached the opposite conclusion, *see, e.g.*, *United States v. Urlacher*, 136 F.R.D. 550, 555 (W.D. N.Y. 1991). Indeed, as the *Urlacher* court reasoned:

> The explicit provision of a motion to quash or modify in Rule 17(c), and the 'innovative,' provision for pretrial production under supervision of the court and upon terms which permit 'inspect[ion] by the parties and their attorneys,' clearly suggests, if not compels, a conclusion that litigation concerning issuance of and compliance with subpoenas *duces tecum* be conducted upon notice, and not in secret.

*Id.* at 555 (internal citations, alternation omitted); *see also United States v. Najarian*, 164 F.R.D. 484, 488 (D. Minn. 1995)("'[I]f a [Rule 17(c)] Motion is made it cannot be *ex parte*.'") (quoting 2 *Wright, Federal Practice and Procedure: Criminal* § 274)). Moreover, even in those instances where courts permitted the application to be made on an *ex parte* basis, the subpoena recipient

remained free to move to quash the subpoena in adversarial fashion. *See, e.g.*, *Wey*, 252 F. Supp. 3d at 244 (adjudicating motion to quash).

Here, as an initial matter, the defendants identify nothing other than a general interest in protecting "trial strategy" to support their request to proceed in an *ex parte* fashion. However, the subpoena recipient is a Government cooperating witness, so the defendants must presume the Government will see a copy of the subpoena, if issued (and receive copies of any documents produced to the defendants, if production is compelled), and thereby have some indication of the "trial strategy" at issue. In this respect, the instant motion is thus far different than an *ex parte* request for a subpoena where notice might alert the Government to the existence of witnesses and/or documents of which the Government was not aware. Indeed, the defendants previously moved, on notice, for issuance of a Rule 17(c) subpoena to Daniel D. Kelly, the lawyer for this witness. [Dkt. 174].

Moreover, given that the subpoena recipient is not just a neutral third party, but instead an anticipated Government witness, the Government has real concern that the subpoena may be an improper effort to "fish" for either prior statements of the witness, or for impeachment material, *see, e.g.*, *United States* v. *Nektalov*, 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004) ("documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena"); *see also* Fed. R. Crim. P 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule."), all issues the Government and counsel for the witness will presumably want to brief. Similarly, and given the defendants' briefing with respect to their prior motion for issuance of a Rule 17(c) subpoena to Mr. Gassnola's attorney, the Government anticipates potential disagreement over the legal standards applicable to a Rule 17(c) subpoena and would want an opportunity to fully brief those issues as well at the appropriate time.

In sum, the Government submits that, on this record, there is no reason to permit the defendants to litigate the appropriateness of their subpoena on an *ex parte* basis. In particular, the Government respectfully submits that should the propriety of the subpoena, if issued, be challenged by way of motion to quash or otherwise, such litigation should be done entirely on notice.

Respectfully submitted,

ROBERT S. KHUZAMI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By: _____/s/_____
Edward B. Diskant/Noah Solowiejczyk/
Eli J. Mark/Aline Flodr
Assistant United States Attorneys
(212) 637-2294/2473/2431/1110

Cc: Defense Counsel