**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2018

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judges
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. James Gatto et al.*, (S2) 17 Cr. 686 (LAK)

Dear Judge Kaplan:

    The Government respectfully submits the following in advance of the anticipated *voir dire* of prospective jurors in the above-captioned case. In addition to the Court's standard examination of prospective jurors, the Government respectfully requests that the Court question prospective jurors about issues unique to the facts of this case. Specifically, the Government respectfully requests that the Court pose the following questions as part of the jury selection process:

1. As I previously described, during this trial you will hear evidence concerning amateur college athletics, specifically men's college basketball. Does anything about the fact that the charges in this case relate to amateur college athletics, and specifically men's college basketball, make it difficult for you to be fair an impartial in this case?

2. Do you closely follow any college sports? If so, which sports and which colleges/teams do you follow?

3. Are you familiar with the National Collegiate Athletic Association, commonly referred to as the NCAA? Does anything about the fact that certain of the conduct at-issue in this trial is alleged to have violated NCAA rules make it difficult for you to be fair and impartial in this case?

4. Do you have any views or opinions regarding whether amateur college athletes should be compensated for their athletic ability while still in college? Is there anything about your views on that subject that would make it difficult for you to be fair and impartial in this case?

5. Have you or any other member of your household ever participated in college athletics? If so, in which sport did you compete and for which college or university? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

6. Have you or any other member of your household ever participated in coaching an amateur athletics team, including any middle school, high school, amateur travel team, or college team? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

7. As I previously described, the Government alleges in this case that certain universities were the victims of the crimes that are charged in the Indictment. Is there anything about the fact that universities are alleged to be the victims of the charged crimes that would make it difficult for you to be fair and impartial in this case?

8. As I previously described, the Government alleges in this case that the universities that were victims of the crimes that are charged in the Indictment were the University of Louisville, the University of Miami, North Carolina State University, and the University of Kansas. Do you or any other member of your household have any affiliation or connection to any of those universities? If so, is there anything about that affiliation or connection that would make it difficult for you to be fair and impartial in this case?

9. Have you or any other member of your household ever worked for a university or college? If so, in what capacity were you or the other members of your household employed? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

10. Have you or any other member of your household ever worked in the sports industry? If so, in what capacity were you or the other members of your household employed? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

11. Have you or any other member of your household ever worked for a sports apparel or equipment company? If so, in what capacity were you or the other members of your household employed? Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

12. Certain of the evidence that you are likely to hear in this trial comes from wiretaps of telephones and search warrants of electronic devices and email accounts that were authorized by a federal judge. I am instructing you that all of this evidence was lawfully obtained and may properly be used at this trial. Is there anything about the fact that certain of the evidence was obtained from judicially authorized wiretaps and search warrants that would make it difficult for you to be fair and impartial in this case?

13. During this trial you will hear evidence concerning the conduct of certain Adidas employees and consultants. Does anything about the fact that the charges in this case relate to Adidas make it difficult for you to be fair an impartial in this case?

14. Before today, have you read, seen or heard anything about an investigation conducted by the Federal Bureau of Investigation and/or the U.S. Attorney's Office for the Southern District of New York regarding college basketball, or about the specific charges brought in this case? *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:
    a. From whom did you hear about the case? (e.g., a friend, the newspaper, television) What did you hear/read/see?
    b. Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendants that might make it difficult for you to be a fair and impartial juror in this case?

Finally, on or before Friday, September 28, 2017, the Government will provide a proposed description of the charges and list of relevant witnesses, individuals, entities, and locations that the Government respectfully requests the Court incorporate into its *voir dire* of prospective jurors in order to ensure that none of the prospective jurors have personal familiarity or knowledge with respect to these individuals, entities, or locations that would impact on their ability to render a fair and impartial verdict.

Respectfully submitted,

ROBERT S. KHUZAMI
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

By:     /s/
Edward B. Diskant/Noah Solowiejczyk/
Eli J. Mark/Aline Flodr
Assistant United States Attorneys
(212) 637-2294/2473/2431/1110

Cc: Defense Counsel