USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                       17-cr-686 (LAK)

JAMES GATTO, etc., et al.,

                        Defendants.
------------------------------------------------------------x

## ORDER ON MOTION TO QUASH

LEWIS A. KAPLAN, *District Judge.*

        Non-party witness Munish Sood, who is scheduled to be the government's second witness in the trial beginning today, moves to quash a subpoena served upon him on behalf of defendants. The subpoena calls for the witness to appear to testify and to produce a wide range of documents. The instructions it contains, however, exclude from the production requirement any documents previously produced by the witness to the government, which has represented that it has produced to the defendants everything that the witness produced to it.

        As this is a trial subpoena rather than one calling for production before trial, a principal though not exclusive consideration is whether and to what extent enforcement of the subpoena would be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). The very short notice given by defendants (the subpoena is dated August 24 but was not served until September 24, one week before the start of the trial) coupled with the breadth of the subpoena (which in significant respects is not fully or satisfactorily explained), suggests a degree of unreasonableness and oppression. On the other hand, the witness' unreasonable response – his repeated assertions that he had produced relevant documents to the government without stating whether he possessed responsive documents, whether produced to the government or not – smacks of a stonewalling approach and inappropriate gamesmanship.

        In all of the circumstances, the Court rules as follows:

        1.    The motion to quash the subpoena is granted to the extent that (a) specifications 3, 4, 7, 10 and 11 are quashed, (b) specification 5 is modified by striking the period at the end thereof and inserting the words "concerning any of the University of Louisville, University of Kansas, University of Miami, and/or North Carolina State University.", and (c) specification 9 is modified by striking the period at the end thereof and inserting the words "concerning the investigation that has culminated in the indictment in this case.". The motion is denied in all other respects.

2

2.	Mr. Sood shall produce forthwith all documents in his possession, custody or control that are responsive to specifications 1, 2, 5 (as modified), 6, 8, and 9 (as modified) to the extent that he has not previously produced such documents to the government.

SO ORDERED.

Dated:	October 2, 2018

_____
Lewis A. Kaplan
United States District Judge