UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,

-against-

S2 17-cr-0686 (LAK)

JAMES GATTO, etc., et al.,

Defendants.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2018

## ORDER WITH RESPECT TO PROPOSED EXPERT TESTIMONY

LEWIS A. KAPLAN, *District Judge.*

      The government has moved *in limine* to exclude defendants' proposed expert testimony of Dr. Daniel A. Rascher [DI 196]. As the Court understands the lengthy submissions, Dr. Rascher proposes to testify, in substance, that in his opinion the value (both quantitative and qualitative) to a Division 1 ("D1") university of a star high school men's basketball player is so great that it outweighs the anticipated costs of recruiting misconduct in violation of NCAA rules (*i.e.*, the cost of penalties discounted to reflect the alleged low probability of detection). Defendants argue that this testimony is relevant to show that (a) any misrepresentations made to the four universities alleged to have been victims of the crimes charged in the Indictment were not material, and (b) defendants did not intend to hurt the universities by their blatant NCAA amateurism rule violations and certainly not to injure them in any economic way. Having considered the voluminous submissions, the Court has made the following determinations:

      1.    Dr. Rascher is not qualified as an expert to testify with respect to the extent to which NCAA recruiting rules are violated or, if indeed violated, the extent to which the violations are detected by the NCAA. Even if he were, defendants have failed to establish the admissibility of his opinions under Fed. R. Evid. 702 and 703.

      2.    The proposed testimony concerning the types of sanctions imposed by the NCAA on D1 universities is admissible under Fed. R. Evid. Art. 7 and relevant.

      3.    The proposed testimony with respect to any quantitative and qualitative benefits to D1 universities attributable to the recruitment of star high school men's basketball players is excluded under Fed. R. Evid. 401 and 403.

      4.    The proposed testimony with respect to the cost to D1 universities of athletic

scholarships is excluded under Fed. R. Evid. 401 and 403.

        5.        The Court lacks sufficient information to determine the admissibility and relevance of the proposed testimony with respect to the impact on a D1 university of penalties that the NCAA historically has imposed for NCAA rule violations, including in terms of revenue and any "financial and competitive outcomes" discussed in defendants' disclosures related to Dr. Rascher. If defendants wish to proceed with offering that evidence in light of the prior rulings, the Court will hold a *Daubert* hearing. Defendants shall advise the Court tomorrow of their wishes in that regard.

        SO ORDERED.

Dated:        October 9, 2018

                                                  _____
                                                    Lewis A. Kaplan
                                                  United States District Judge