UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES GATTO,
a/k/a "Jim,"
MERL CODE, and
CHRISTIAN DAWKINS,

    Defendants.

---

Case No. S2 17-cr-00686 (LAK)

### DEFENDANTS' OUTLINE OF LAW IN SUPPORT OF THEIR MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

**NEXSEN PRUET LLC**
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

*Attorneys for Defendant Merl Code*

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Defendant James Gatto*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

I.  **Rule 29 Standard.**

   A. Pursuant to Rule 29(a), a district court shall enter a judgment of acquittal as to "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

   B. The standard under Rule 29, as articulated by the Supreme Court, is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)

II. **The Government Has Failed To Prove Each Of The Elements Of Wire Fraud (Counts Two and Three) And Conspiracy To Commit Wire Fraud (Count One) Beyond A Reasonable Doubt. The Following Are Some of the Ways that the Government Has Failed to Sustain its Burden.**

   A. <u>The Government has failed to prove that Defendants sought to obtain any money or property from the Universities.</u>

   1. The wire fraud statute prohibits schemes to "<u>obtai[n]</u> money or property . . . by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1343.

   2. In simpler terms, the statute proscribes fraudulent schemes "to *get money or property*" from the victim. *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000) (emphasis added); *United States v. Regent Office Supply*, 421 F.2d 1174, 1182 (2d Cir. 1970) (wire fraud prosecution valid where purpose is "to injure another to his own advantage by withholding or misrepresenting material facts."); *United States v. Fiumano*, No. S3 14 Cr. 516, 2016 WL 1629356, at *2 (S.D.N.Y. Apr. 25, 2016) (Keenan, J.) (wire fraud requires "(1) a scheme to defraud victims (2) by obtaining their money or property (3) furthered by the use of interstate wires.")

   3. Defendants themselves did not receive any of the athletic scholarships at issue. The Government presented no evidence that Defendants received anything at all from the Universities as the result of the alleged scheme. *United States v. Walters*, 997 F.2d 1219, 1225-26 (7th Cir. 1993) (rejecting theory of fraud where "no money moved from the universities to [the defendant]" because the wire fraud statute "only" reaches "scheme[s] to obtain money or other property from the victim.")

   B. <u>The Government has failed to prove that Defendants deprived the Universities of the right to control their assets.</u>

   1. In *United States v. Binday*, the Second Circuit approved an instruction that specified that "the loss of the right to control money or property constitutes deprivation of money or property *only when the scheme, if it*

    *were to succeed, would result in economic harm to the victim.*" 804 F.3d 558, 581 (2d Cir. 2015) (emphasis added).

  2. The Government has failed to prove that Defendants deprived the Universities of "potentially valuable economic information" such that the alleged scheme "would result in economic harm" to the Universities.

C. <u>The Government has failed to prove the existence of any false statement or representation.</u>

  1. The *actus reus* of a wire fraud offense is an "affirmative misrepresentation" or the "omission of material information that the defendant has a duty to disclose." *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000); *United States v. Rybicki*, 354 F.3d 124, 146 (2d Cir. 2003) (a "material misrepresentation is an element" of wire fraud); *see also* L. Sand, et al, Modern Fed. Jury Inst. § 44-11 (2015) ("[I]t is now well accepted" that a "scheme to defraud must include some false statement, representation or promise.").

  2. In this case, the Indictment does not charge a theory of wire fraud based on an omission in the face of a duty to disclose, but rather alleges that Defendants made, or caused to be made, affirmative misrepresentations to Louisville in the form of "false certifications" regarding compliance with NCAA rules that were submitted by the student-athletes described in the Indictment, or, in certain cases, their family members. (*See* Ind. ¶¶ 31, 37, 42, 46 (Defendants "intended to make, or caused or intended to cause others to make false certifications" regarding athletes' compliance with NCAA rules to the Universities.)

  3. However, there is no evidence that any of the forms and paperwork that the Government has introduced are, in fact, false statements, or that the Defendants intended or schemed to make any false statements or cause anyone to make false statements.

D. <u>The Government has failed to prove that any purportedly false statements or representations were material.</u>

  1. The Government must prove that any purportedly false representations were material. *Neder v. United States*, 527 U.S. 1, 16, 25, 119 S.Ct. 1827, 1841 (1999) ("we hold that materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

  2. Here, the Government has failed to prove that the purportedly Defendants' conduct or any of the forms introduced into evidence were "capable of influencing the decision-maker to whom [they were] directed" into awarding scholarships. (Gov. Requests To Charge, Dkt. 177, Request No. 6).

E. <u>The Government has failed to prove that Defendants specifically intended to cause harm to the Universities.</u>

1. The Government must prove that Defendants acted with the specific purpose of causing some financial harm or property loss to the Universities. *United States v. Gabriel*, 125 F.3d 89, 96-7 (2d Cir. 1997) (the verb "'[c]ontemplate' is subject to at least two possible meanings—it could mean 'to think about' or it could mean 'to have in view as a purpose…to intend.' Our prior decisions have indicated repeatedly that a defendant must have 'contemplated' harm, and when we have used that term, we have clearly meant the latter definition (to intend) rather than the former (to think about)."); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) ("Although the government is not required to prove actual injury, it must, at a minimum, prove that defendants *contemplated* some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent."); *United States v. Regan*, 713 F. Supp. 629, 637 (S.D.N.Y. 1989) (Government must prove that wire fraud defendants "intended to deprive their victims of money or property, not just that such a deprivation could be theoretically characterized as a necessary consequence of their scheme.")

2. Here, the Government has offered no evidence whatsoever that Defendants intended to cause harm to the Universities. The Government has raised the possibility that the Universities *might* have suffered some financial harm in the form of NCAA penalties, but have not proven that Defendants *intended* to cause such harm.

3. In any event, the government cannot satisfy its burden on proving fraudulent intent by merely demonstrating that Defendants participated in the alleged scheme with some knowledge or recognition of its capacity to cause harm or deprivation to the Universities. *United States v. Gabriel*, 125 F.3d 89, 96-7 (2d Cir. 1997) ("Defendants contend that because the [jury] instructions require[d] only that they have 'some realization' that the scheme was fraudulent and 'recogni[tion]' that the scheme had the capacity to cause harm, the instructions did not require the jury to find that they intended to cause harm. We agree.").

4. To the contrary, the evidence demonstrates that Defendants engaged in the charged conduct for the benefit of the Universities.

5. In addition, the Universities could not have sustained any harm because the costs of scholarships were borne by another entity which was not identified as the alleged victims in the Indictment.

F. <u>The Government has failed to prove that Defendants conspired to defraud the Universities.</u>

1. The Government has failed to prove the single, unitary conspiracy as charged in the Indictment.

2. In addition, to prove a conspiracy to commit wire fraud, the Government must establish that "the future conduct agreed upon" by each Defendant "include[d] all elements of the substantive crime" of wire fraud. *United States v. Pinckney*, 85 F.3d 4 (2d Cir. 1996).

3. Because the Government has failed to establish the requisite elements of wire fraud, it has failed to establish that Defendants agreed to commit wire fraud.

   a. In particular, there is no evidence in the record to support the Government's contention that Defendants intended to cause harm to the Universities.

   b. Nor is there any evidence that Defendants otherwise intended to deprive the Universities of the right to control their assets.

   c. Nor is there evidence showing that Defendants intended to make or cause to be made false representations to the Universities.

   d. Nor is there any evidence that any of the purportedly false representations were material to the Universities.

Dated: New York, New York
October 15, 2018

| | |
|---|---|
| **NEXSEN PRUET LLC** | **WILLKIE FARR & GALLAGHER LLP** |
| By: /s/ Mark C. Moore<br>Mark C. Moore<br>Andrew A. Mathias<br>55 E. Camperdown Way, Suite 400<br>Greenville, South Carolina 29601<br>(864) 370-2211 | By: /s/ Michael S. Schachter<br>Michael S. Schachter<br>Casey E. Donnelly<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 728-8000 |
| **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>Merl F. Code<br>300 North Main Street<br>Greenville, South Carolina, 29601<br>(864) 271-1300 | *Attorneys for Defendant James Gatto*<br><br>**HANEY LAW GROUP PLLC**<br><br>By: /s/ Steven A. Haney<br>Steven A. Haney<br>3000 Town Center Drive, Suite 2570<br>Southfield, Michigan 48075<br>(248) 414-1470 |
| *Attorneys for Defendant Merl Code* | *Attorneys for Defendant Christian Dawkins* |