UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JAMES GATTO,
a/k/a "Jim,"
MERL CODE, and
CHRISTIAN DAWKINS,

    Defendants.

---

Case No. S2 17-cr-00686 (LAK)

(Filed Under Seal)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THE ADMISSION OF CERTAIN RELEVANT EXHIBITS

**NEXSEN PRUET LLC**
William W. Wilkins
Mark C. Moore
Andrew A. Mathias
55 E. Camperdown Way, Suite 400
Greenville, South Carolina 29601
(864) 370-2211

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Merl F. Code
300 North Main Street
Greenville, South Carolina, 29601
(864) 271-1300

*Attorneys for Defendant Merl Code*

**WILLKIE FARR & GALLAGHER LLP**
Michael S. Schachter
Casey E. Donnelly
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Defendant James Gatto*

**HANEY LAW GROUP PLLC**
Steven A. Haney
3000 Town Center Drive, Suite 2570
Southfield, Michigan 48075
(248) 414-1470

*Attorneys for Defendant Christian Dawkins*

The Second Circuit has recognized a defendant's ability to introduce out-of-court statements made by him, or made to him by third parties, that reflect his state of mind. *See e.g., United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984) (reversible error to exclude evidence probative of defendants' state of mind). Similarly, the Second Circuit has recognized that a defendant may introduce the out-of-court statement of a purported co-conspirator where that statement demonstrates the defendant's state of mind and undercuts the existence of the alleged conspiracy. *United States v. Detrich*, 865 F.2d 17, 21 (2d Cir. 1988); *see also* Ex. A at 3019:10-3028:22 (Excerpt of *United States v. Blaszczak* Hearing Tr.)).

### A. Evidence that Coaches at Division I Universities Sought Recruiting Assistance from Defendants Is Offered For the Non-Hearsay Purpose of Demonstrating the Effect that Such Requests Had on Defendants.

**DX25:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**DX6; DX28:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**DX 221; DX 222:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**DX103:** ██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████

**DX 1011.** ██████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████

**DX102:** ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████

**DX220:** This text from Miami Head Coach Larranaga to Mr. Gatto is being offered for the purpose of demonstrating that Coach Larranaga reached out to Mr. Gatto.

### B. Evidence Reflecting Defendants' State of Mind is Relevant and Offered for a Legitimate Non-Hearsay Purpose.

**DX5:** This conversation is offered to demonstrate Mr. Dawkins' belief that his arranging payment to Brian Bowen, Sr. did not violate NCAA rules based on Mr. Dawkins's preexisting relationship with the Bowen family.

**DX7:** This conversation is admissible to demonstrate that the reason Mr. Dawkins wanted to conceal payments was to provide Coach Pitino and Louiville with a veneer of plausible deniability so that the University would not get into trouble with the NCAA again.

---



**DX21:** ██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
████████████████████

**DX18:** ████████████████████████████████████████
████████████

**DX 1006.** ████████████████████████████████████
████████████████████████████████████████

████████████████████████████

**DX 218; DX1016:** These exhibits are being offered to demonstrate Mr. Gatto's subdued reactions to Dennis Smith Jr. signing with Under Armour, which is relevant to contradict the Government's theory that Mr. Gatto's motivation for engaging in the purported conspiracy was to "make millions" off of star athletes who eventually turned professional.

C. **Evidence Reflecting the State of Mind of Defendants' Purported Co-Conspirators Is Relevant to Demonstrate the Nature and Purpose of the Alleged Conspiracy.**

**DX13:** ████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████

**DX219:** ████████████████████████████████████████
████████████████████████████████████████
████████████████

**DX223:** █████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████

**DX 105, GX 102K-10, GX 106D-9:** These exhibits are being offered to demonstrate that rather than conspiring to defraud Louisville, Mr. Dawkins was attempting to work with Bowen, Jr. and his family to help them decide which school would provide the best basketball fit for Bowen, Jr.

  D. **Evidence Reflecting Andy Miller's Knowledge and Approval of Payments to Student Athletes is Relevant and Offered For the Non-Hearsay Purpose of Demonstrating the Effect that this Approval Had on Mr. Dawkins.**

**DX1301; DX1302; DX1303; DX1307; DX1309; DX1313** ███████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████ *United States v. Litvak*, 808 F.3d 160, 189-90 (2d Cir. 2015)(evidence that a defendant's supervisor approved of transactions similar to the ones that the Government has charged as fraudulent is probative evidence that the defendant "held an honest belief that his conduct was not improper or unlawful.")

  E. **Relevant Evidence Offered for a Non Hearsay Purpose.**

**DX101.** ██████████████████████████████████

███████████████████████████████████

███████████████████████████████████

**DX 217.** ████████████████████████████████

███████████████████████████████████

**NCAA Evidence:** The defense will also seek to introduce certain, limited, portions of the NCAA Manual and the NCAA Student Athlete Reinstatement Guidelines in order to demonstrate that statements concerning the student-athletes' "amateur status" were not false.

Defendants respectfully request that the Court permit the admission of the above-mentioned Case-in-Chief Exhibits.

Dated: New York, New York

October 15, 2018

| | |
|---|---|
| **NEXSEN PRUET LLC** | **WILLKIE FARR & GALLAGHER LLP** |
| By: _Mark Moore_____ | By: __Michael Schachter_____ |
| William W. Wilkins | Michael S. Schachter |
| Mark C. Moore | Casey E. Donnelly |
| Andrew A. Mathias | 787 Seventh Avenue |
| 55 E. Camperdown Way, Suite 400 | New York, New York 10019 |
| Greenville, South Carolina 29601 | (212) 728-8000 |
| (864) 370-2211 | |
| | *Attorneys for Defendant James Gatto* |
| **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** | **HANEY LAW GROUP PLLC** |
| Merl F. Code | |
| 300 North Main Street | By: _Steven Haney_____ |
| Greenville, South Carolina, 29601 | Steven A. Haney |
| (864) 271-1300 | 3000 Town Center Drive, Suite 2570 |
| | Southfield, Michigan 48075 |
| *Attorneys for Defendant Merl Code* | (248) 414-1470 |
| | *Attorneys for Defendant Christian Dawkins* |