# EXHIBIT A

# In The Matter Of:

*UNITED STATES OF AMERICA, V*
*DAVID BLASZCZAK,*

*April 19, 2018*

*Southern District Court Reporters*

Original File I4JKBLAF.txt
**Min-U-Script® with Word Index**

---

I4JKBLA2        Flynn - Direct                    Page 3017

1  Mr. Blaszczak's contract with Deerfield at some point in 2013.
2  Does looking at this refresh your recollection about
3  approximately when that occurred?
4  A. Yes.
5  Q. And what else, if anything, do you recall about the --
6  well, what do you recall about the explanation you received, if
7  any, for that decision?
8  A. I generally remember that people felt that he had limited
9  value, and that there was no purpose to continue receiving his
10 research, given that we had to pay a meaningful amount for it.
11 Q. Was that a unanimous view at Deerfield?
12 A. I believe so. I don't have a direct recollection.
13 Q. And directing you to the top email on the screen from
14 Mr. Fogel, and his comment, "I know we've had a spotty record,
15 but DB hit us with three accurate and differentiated calls year
16 to date," do you recall, sir, inputs from Mr. Blaszczak in 2013
17 up till October?
18 A. I don't.
19     MR. ESSEKS: We can take that down.
20 Q. Do you recall, sir, whether after that cancellation that we
21 just referred to in 2013, whether an arrangement with
22 Mr. Blaszczak was reinstated to have him continue to be an
23 information provider?
24 A. I believe so.
25 Q. And what do you know about how that came to be?

---

I4JKBLA2        Flynn - Direct                    Page 3018

1  A. I don't recall.
2  Q. Do you recall whether any review was done by your
3  compliance staff prior to any reinstatement of Mr. Blaszczak as
4  a contractor?
5  A. I know that Marian had called --
6     MS. CUCINELLA: Objection.
7     THE COURT: Sustained. Stricken.
8     MR. ESSEKS: Your Honor, is that foundation or another
9  reason?
10    THE COURT: Well, he was beginning to start retailing
11 hearsay.
12    MR. ESSEKS: Your Honor --
13    THE COURT: And it was unresponsive. "Were you
14 involved in those discussions?
15    "I don't recall.
16    "Any of them?
17    "I don't recall being involved in any of those
18 discussions. I was notified..."
19    MR. ESSEKS: Fair enough, Judge.
20 BY MR. ESSEKS:
21 Q. Mr. Flynn, were you informed by your compliance staff
22 regarding any -- I'm not asking you what was done, I'm asking
23 you, were you informed of any -- by your compliance staff
24 whether any work was done with respect to Mr. Blaszczak in
25 2014? Yes or no, if you recall.

---

I4JKBLA2        Flynn - Direct                    Page 3019

1  A. Specifically in 2014?
2  Q. Or after the cancellation of Mr. Blaszczak's contract in
3  2013.
4  A. I'm struggling with the chronology, so I don't -- I have to
5  say I don't remember.
6  Q. Fine. Do you remember any -- leaving aside timing, do you
7  remember being briefed by your compliance staff regarding
8  review of Mr. Blaszczak at any point?
9  A. Yes.
10    MR. ESSEKS: Your Honor, I'd like to inquire
11 regarding -- on the basis of state of mind.
12    THE COURT: Whose state of mind?
13    MR. ESSEKS: The witness.
14    THE COURT: Sustained.
15    MR. ESSEKS: May I be heard on that, your Honor?
16    THE COURT: Pardon me?
17    MR. ESSEKS: May I be heard on that?
18    THE COURT: All right.
19    (Continued on next page)

---

I4JKBLA2        Flynn - Direct                    Page 3020

1     (At the sidebar)
2     THE COURT: Okay, Mr. Esseks.
3     MR. ESSEKS: So, Judge, the government has designated
4  Mr. Flynn a coconspirator. They did so in the indictment, they
5  did so in their opening. Their principal witness said that
6  Mr. Flynn is a coconspirator in this conspiracy. Therefore,
7  his state of mind is at issue on the question -- questions,
8  among others, whether there was a conspiracy at all, what was
9  its nature, who was involved in it, and the compliance work
10 that was done that was reported to him, and that wouldn't have
11 happened without his blessing is relevant to his state of mind,
12 among other things.
13    THE COURT: What other things?
14    MR. ESSEKS: Well, it's at least relevant to his state
15 of mind, Judge.
16    MS. CUCINELLA: He's not on trial here; the defendants
17 are. And the fact that he was designated as a coconspirator,
18 the fact that he was briefed on compliance facts doesn't go to
19 actions he took during the course of the conspiracy. The
20 briefing happened much later, at the end of the conspiracy, in
21 2014. There's no dispute that they then canceled him. It's
22 irrelevant, and, if anything, it's confusing and prejudicial.
23    MR. ESSEKS: Your Honor, we can bring out time frame,
24 but our basic starting point, Judge, is his mental state is in
25 issue. It is the contention of the government that he's a

---

UNITED STATES OF AMERICA, V
DAVID BLASZCZAK,

April 19, 2018

---

I4JKBLA2    Flynn - Direct    Page 3021

1    coconspirator, and so his --
2        THE COURT: So he's not named in the indictment,
3    correct?
4        MR. ESSEKS: He is designated as CC1, without being --
5        THE COURT: Is he named in the indictment?
6        MR. ESSEKS: He is not named in the indictment. He is
7    identified in the indictment, alleged as a coconspirator as the
8    portfolio manager for Deerfield.
9        MR. BERKE: I can offer one other if we engage in a
10   debate of esoteric rules of evidence: Rule 806 --
11       MR. ESSEKS: Indeed.
12       MR. BERKE: -- which you know well, that we are
13   allowed to impeach coconspirator statements as if the
14   coconspirator was present. And if the coconspirator is
15   present --
16       THE COURT: How is his state of mind relevant to
17   impeaching somebody else?
18       MR. BERKE: No, no. Under 806, if the government has
19   introduced statements, as coconspirator statements, like
20   Mr. Flynn's statements, some of which have been introduced, we
21   get to introduce the --
22       THE COURT: What Flynn statements have been introduced
23   as coconspirator statements?
24       MR. ESSEKS: Your Honor, I'm showing you Government
25   Exhibit 821 in evidence. It is an email chain from June of

---

I4JKBLA2    Flynn - Direct    Page 3022

1    2012 regarding radonc shorts. There is a proposal from
2    Mr. Fogel to the devices group to increase the exposure of
3    upcoming proposed cuts to radonc. The response from Mr. Flynn,
4    "FWM is fine with me."
5        THE COURT: That was offered and received as a
6    coconspirator statement?
7        MR. ESSEKS: It is offered -- that statement cannot
8    come in without --
9        THE COURT: Question number one: Did anybody object
10   to it?
11       MS. CUCINELLA: No.
12       MR. ESSEKS: No, Judge, but objecting to its admission
13   is not a prerequisite under 806 to challenging the out-of-court
14   declaration.
15       MS. CUCINELLA: I think we can even side-circuit this.
16       THE COURT: Excuse me.
17       You're saying this state-of-mind evidence impeaches
18   the veracity of the declaration "Fine with me"?
19       MS. CUCINELLA: Again, hold on for one minute, because
20   what you're trying to impeach him with happened a year to two
21   years after that statement was made. So if you're trying to
22   use it to impeach state of mind, it's totally off base.
23       MR. BERKE: Well, Judge, there are two separate
24   arguments. State of mind is one basis. So I think they're
25   entirely separate. 806 -- and again, I think 806 is one of the

---

I4JKBLA2    Flynn - Direct    Page 3023

1    most underutilized rules because I think the law does allow you
2    to bring into evidence as if a hearsay declarant was on a stand
3    expressing whatever statements the government's seeking to
4    introduce in support of a conspiracy.
5        And I would submit, your Honor, that whether Mr. Flynn
6    was here or not, if we had evidence Mr. Flynn was aware
7    Mr. Blaszczak was vetted by Deerfield compliance, that would be
8    a separate basis, separate and apart from Mr. Flynn's state of
9    mind. That's all I'm offering, Judge. I didn't mean to
10   confuse the issue.
11       MS. CUCINELLA: Hold on. And with respect to 806,
12   first of all, Mr. Flynn is on the stand, and you are welcome to
13   ask him about his -- the fact that he was briefed. You have
14   done that. He has said that he was.
15       With respect to the specifics of it, and particularly
16   with respect to that statement, it happened a year later. The
17   two things are unrelated. So, if you want to get into hearsay
18   of what he was briefed on and what he was told, you have to
19   come up with a reason why it's relevant to his state of mind at
20   that point.
21       MR. ESSEKS: And, your Honor, what we're -- we
22   digressed into 806 by way of explanation, but I think
23   considering 806 demonstrates the relevance of the state of mind
24   of a noncharged coconspirator. But that's simply a way to
25   illustrate the relevance of the point, which is the state of

---

I4JKBLA2    Flynn - Direct    Page 3024

1    mind of an uncharged coconspirator is relevant to whether he
2    was in or out, whether there was a conspiracy, all of which is
3    at the heart of --
4        MS. CUCINELLA: 806 goes into impeaching a declarant.
5        THE COURT: No, look, stop this free-for-all.
6        MS. CUCINELLA: Sorry. I have to get a word in every
7    once in a while.
8        THE COURT: I'm going to send the jury out for a
9    minute.
10       (Continued on next page)

---

**I4JPBLA3    Flynn - Direct    Page 3025**

1  (In open court)
2  THE COURT: Ladies and gentlemen, we need a few
3  minutes. Jury room, please.
4  Mr. Flynn, please step out of the room after the jury
5  leaves.
6  (Jury and witness not present)
7  THE COURT: Be seated, folks. Okay. What is the
8  proposed testimony, Mr. Esseks?
9  MR. ESSEKS: Your Honor, if you'll forgive me, I'm
10  slightly at a loss. I think --
11  THE COURT: Well, we got here because the witness
12  answered a question.
13  MR. ESSEKS: Yes.
14  THE COURT: No question was pending, and then you said
15  I'd like to inquire on the basis of state of mind, and then we
16  had a sidebar.
17  MR. ESSEKS: Yes. Yes, Judge.
18  THE COURT: So what is it you propose to adduce
19  through the witness?
20  MR. ESSEKS: That his compliance staff, led by
21  Ms. Brancaccio, did a compliance review regarding Mr. Blaszczak
22  and his company that, at some point, included Ms. Brancaccio
23  interviewing Mr. Blaszczak directly before Deerfield was
24  willing to continue with him as a consultant.
25  THE COURT: You're going to call Ms. Brancaccio?

**I4JPBLA3    Flynn - Direct    Page 3026**

1  MR. ESSEKS: We are.
2  THE COURT: And I should take this hearsay from this
3  gentleman why?
4  MR. ESSEKS: For his state of mind. He's alleged to
5  be a co-conspirator. His state of mind is directly relevant to
6  the central issues in the case.
7  THE COURT: Look, it's at best a tenuous connection.
8  The indictment doesn't identify him as a co-conspirator. He is
9  not on trial. You have a person with firsthand knowledge of
10  what was done. You have a person, Ms. Brancaccio, perfectly
11  capable, if it's admissible and perhaps it is but I don't rule
12  on that, of saying she reported all of that to this witness.
13  I don't know what the government's view on that is.
14  So I'm very skeptical of your point of view, but it's
15  significant enough to me that I want to understand it as well
16  as I can before I decide.
17  MR. ESSEKS: Thank you, Judge. I stepped away from
18  the podium just to retrieve the indictment, and I'm looking at
19  paragraph 8 of the superseding indictment.
20  THE COURT: Yes.
21  MR. ESSEKS: Which identifies a co-conspirator, not
22  named as a defendant herein, who served as investment advisor
23  A's managing partner, and it describes him as having primary
24  responsibility for approving all investment decisions and
25  supervising all analysts.

**I4JPBLA3    Flynn - Direct    Page 3027**

1  THE COURT: Okay.
2  MR. ESSEKS: And making allegations --
3  THE COURT: So that's good enough. That's good
4  enough. He's effectively named in the indictment.
5  MR. ESSEKS: Yes. And just, for completeness of the
6  record, as you know, Judge, Mr. Fogel testified that Mr. Flynn
7  was in on it, and in a January 22nd letter from the government,
8  Mr. Flynn was identified as a co-conspirator.
9  THE COURT: Okay. All right.
10  MS. CUCINELLA: I think to the extent that they're
11  trying to offer it for state of mind, all the trading that is
12  charged in this case, including the statements that they
13  brought up at sidebar, the "fine with me" e-mail is from 2012.
14  All of the trading is over before this briefing happened.
15  So to the extent that they want to get the content of
16  the hearsay statement in, it just serves to confuse the issue.
17  They've gotten in the fact that he was briefed on it, that the
18  review happened, and that he knew about it. I actually think
19  he said earlier he doesn't remember the specifics of the
20  briefing.
21  But the timing of this makes the relevance of it so
22  low, and with respect to state of mind, it's arguably
23  irrelevant given the timing of the briefing. Given that, and
24  the fact that Ms. Brancaccio is going to be testifying, the
25  government doesn't think this should be permitted.

**I4JPBLA3    Flynn - Direct    Page 3028**

1  THE COURT: Well, I'm going to permit it on state of
2  mind, if the defense wants to pursue it. Who knows,
3  Ms. Brancaccio may say something else, unlikely as that seems
4  to be. All right. Get the jury back.
5  (Pause)
6  Has the problem with the subpoena been worked out with
7  the brokerage and the tax returns?
8  MR. NAFTALIS: No, I have not had a chance to speak
9  with Mr. Schachter, but I imagine that, based on what your
10  Honor has said, it's acceptable to the government if it will be
11  acceptable to them.
12  (Witness and jury present)
13  THE COURT: The defendants and the jury all are.
14  Mr. Esseks, please proceed.
15  BY MR. ESSEKS:
16  Q. Mr. Flynn, do you recall being briefed by your compliance
17  staff, including Ms. Brancaccio, at any point in 2014 or before
18  regarding any reviews conducted regarding Mr. Blaszczak?
19  A. I do.
20  Q. What do you recall?
21  MS. CUCINELLA: Objection, vague. If we could have a
22  time period.
23  THE COURT: You can cross on it.
24  What do you recall having been told?
25  And members of the jury, the answer is received only